■ CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant, v CITY OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County (Stanley Parness, J.), entered January 7, 1991, which declared certain utility-related property and equipment to be properly designated as "class three" (RPTL 1802 [1]) on the City's 1990/91 assessment roll, unanimously affirmed, without costs.

The real property tax classification system was introduced with the enactment of article 18 of the Real Property Tax Law, three years after the decision in Matter of Consolidated Edison Co. v City of New York (44 NY2d 536 [1978]). The third of the four classes of enumerated property includes "utility real property", which is defined in RPTL 1801 (c). In 1989 the Legislature amended section 1801 (c) to exclude from class three (and thus transfer to the lower-taxed class four) the types of property described in the general definition set forth in RPTL 102 (12) (a) ("Land") and (b) ("Buildings and * * * structures, substructures and superstructures").

The cited 1978 Court of Appeals decision had categorized some of the same property now at issue as "real property"

under section 102 (12) (b). But that case, decided before institution of the presently controlling statutory classification system, determined the issue of whether certain barge-mounted utility property was realty or personalty, rather than defining a particular category of real property. The question now is whether reference to certain utility-related property as "12(b)" property thirteen years ago should apply in light of the recent legislative removal from class three of property so defined in paragraph (b) of subdivision (12), or whether said property might still qualify as class three property under other paragraphs of subdivision (12), such as (e) ("Mains, pipes and tanks") or (f) ("Boilers, ventilating apparatus * * * plumbing, heating, lighting and power generating apparatus").

Without current exegesis by the Court of Appeals of its 1978 decision in the light of the current statutory scheme, we would conclude that any references to particular types of realty in that decision were dicta, and would not necessarily shift such property to class four under the 1989 Statute.

Suffice it to say we perceive a contrary legislative intent, particularly in light of the legislative history presented by defendant City. The unpublished decision and order of this Court entered herein on May 30, 1991 is hereby recalled and vacated. Concur—Ellerin, J. P., Wallach, Kupferman, Asch and Kassal, JJ.